UNITED STATES DISTRICT COURT

DISTRICT OF MAINE

| | | |
|---|---|---|
| ROBERT L., | ) | |
| | ) | |
| Plaintiff | ) | |
| | ) | |
| v. | ) | 1:19-CV-00297-LEW |
| | ) | |
| SOCIAL SECURITY ADMINISTRATION COMMISSIONER, | ) ) | |
| | ) | |
| Defendant | ) | |

## **MEMORANDUM OF DECISION AND ORDER**

Plaintiff filed this action to obtain judicial review of the Social Security Administration Commissioner's final administrative decision on Plaintiff's applications for benefits under Title II and Title XVI of the Social Security Act. The matter is before the Court on Plaintiff's preliminary motion for remand (ECF No. 8) based on new evidence, pursuant to sentence six of 42 U.S.C. § 405(g).

Sentence six of 42 U.S.C. § 405(g) provides:

> The court may . . . at any time order additional evidence to be taken before the Commissioner of Social Security, but only upon a showing that there is new evidence which is material and that there is good cause for the failure to incorporate such evidence into the record in a prior proceeding[.]

42 U.S.C. § 405(g).

A sentence six remand is appropriate when "good cause exists for remanding for further evidentiary proceedings." *Freeman v. Barnhart*, 274 F.3d 606, 610 (1st Cir. 2001). New evidence obtained after the ALJ's decision will support a sentence six remand if

consideration of the evidence is "necessary to develop the facts of the case fully." *Evangelista v. Sec'y of HHS*, 826 F.2d 136, 141 (1st Cir. 1987).

In support of his motion for remand, Plaintiff cites "new and material evidence [that] documents a congenital brain defect which was not known at the time of his most recent hearing … but which necessarily affected his ability to perform during the [relevant] period." Motion at 1. Specifically, during a work-up associated with treatment of a myocardial infarction, post-hearing, Plaintiff underwent magnetic resonance imaging of the brain that revealed "partial agenesis of the corpus callosum." *Id.* at 3-4; Motion Ex. A at 25. The condition is rare, and likely, explains the serious mental impairments identified by the ALJ, which includes a learning disability, borderline intellectual function, and personality disorder.

However, although the MRI reveals a likely congenital cause of Plaintiff's mental impairment, the diagnosis, standing alone, does not establish the degree of impairment and the secondary medical source Plaintiff has cited in support of his motion does not suggest the condition is inherently incompatible with work capacity.[1] The record also reflects that Plaintiff has been tested repeatedly to measure his mental capabilities and has demonstrated work capacity in the past. I am not persuaded that the new evidence of the cause of Plaintiff's mental impairment supports or undermines any of the expert opinion evidence

---

[1] "In some cases mental retardation may result, but intelligence may be only mildly impaired and subtle psychosocial symptoms may be present." *Agenesis of Corpus Callosum*, Nat'l Organization for Rare Disorders, available at rarediseases.org/rare-diseases/agenesis-of-corpus-callosum (last visited Oct. 28, 2019).

2

of record and, consequently, Plaintiff's motion for sentence six remand is denied.[2] Plaintiff will file his statement of specific errors within 30 days of this order.

**SO ORDERED.**

Dated this 29th day of October, 2019.

/s/ Lance E. Walker
U.S. DISTRICT JUDGE

---

[2] Plaintiff also suggests his "cardiac condition and emphysema have a bearing on [his] physical work capacity during at least the most recent period before the ALJ." Motion at 6. That is the entirety of Plaintiff's presentation on the matter. I am not persuaded that the evidence supports a remand. The event occurred almost eight months after the ALJ issued the decision. The report indicates "no pulmonary emboli" and "moderate apical emphysematous change," and does not offer any insight into functional capacity. Motion Ex. A at 9. The discharge report also suggests that the period of unresponsiveness that occasioned Plaintiff's visit to the hospital may have been drug induced and not the product of a heart attack, though Plaintiff denies this. *Id.* at 28.